## In re Anonymous No. 61 D.B. 78

Disciplinary Board Docket no. 61 D.B. 78.

HENRY, *Chairman*, August 17, 1979—

## I. HISTORY OF PROCEEDINGS

On December 6, 1978, a petition for discipline was filed against respondent, [    ], by disciplinary counsel. The petition charged respondent with violating the following disciplinary rules of the code of professional responsibility:

1. Disciplinary Rule 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

2. Disciplinary Rule 1-102(A)(6): A lawyer shall not engage in conduct that adversely reflects on his fitness to practice law;

3. Disciplinary Rule 2-110(B)(4): A lawyer representing a client before a tribunal with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment, if he is discharged by his client;

4. Disciplinary Rule 2-110(A)(2): Withdrawal from Employment. In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules;

5. Disciplinary Rule 6-102(A): Limiting Liability to Client. A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice.

On January 12, 1979, respondent's answer to the petition was filed, and a hearing was held on March 8, 1979. It was the finding of the Hearing Committee that the respondent had violated D.R. 1-102(A)(5) and D.R. 2-110(B)(4). One member of the hearing committee felt that respondent also should have been found to have violated D.R. 6-102(A). The committee recommended that respondent be given a private reprimand, but if he submits certain additional information to the board, then the discipline to be imposed should be an informal admonition. The additional proof was submitted.

Disciplinary counsel filed a brief on exceptions to the report of the hearing committee solely on the hearing committee not having found respondent to have violated D.R. 6-102(A).

## II. DISCUSSION

Originally this case was considered by a reviewing member who directed that respondent receive a private informal admonition from disciplinary counsel, which action was accomplished on October 12, 1978. Respondent demanded that a formal proceeding be instituted against him, and such was done by disciplinary counsel.

The issue here was whether respondent violated the disciplinary rules in requesting a client to sign a release that would absolve respondent from any civil liability to the client, and also in refusing to withdraw his appearance for a client in court proceedings when requested to do so by the client.

Respondent did, in fact, after the hearing in this matter withdraw his appearance for the client in question. The majority of the hearing committee did not find that respondent had violated D.R. 6-102(A), which reads as follows: "Limiting Liability to Client. A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice."

The evidence in the case clearly established that respondent would agree to withdraw his appearance on behalf of the client only if the client and his wife would execute a release absolving respondent from any and all liability arising out of his representation of the client's matter. This is clearly in violation of D.R. 6-102(A). One member of the committee so felt. The board is of the opinion that the majority of the committee erred in not so finding. It is therefore the board's finding that respondent did, in fact, violate D.R. 6-102(A).

Since respondent has submitted proof of his withdrawal from the client's case in question, and since he has already received an informal admonition, no further discipline is required.


## ORDER

And now, August 17, 1979, the report and recommendation of hearing committee [ ] dated May 3, 1979, is accepted as modified; and it is ordered and decreed, that the said [Respondent] of [ ], be subjected to an Informal Admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement.